The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 27 July 1990 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
2. At such time, CIGNA was the carrier on the risk.
3. At such time, plaintiff's average weekly wage was $531.25, yielding a compensation rate of $354.18.
4. The issue to be determined is whether or not the claimant has suffered a change or worsening of his condition pursuant to N.C. Gen. Stat. § 97-47.
5. The deposition of Dr. Craig Brigham was taken on 12 June 1996 and has already been submitted to the Commission.
******************
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a 55 year old high school graduate with a work history in mills and warehouses with pre-existing, but asymptomatic, stenosis. In 1987 he began working as a truck driver with defendant-employer.
2. On 27 July 1990 plaintiff sustained a compensable back injury while working for defendant-employer when he lifted a five gallon bucket of oil resulting in a herniated disk at L4-5. Plaintiff's treating physician, Dr. Craig Brigham, performed a decompressive laminectomy and diskectomy and a foraminotomy on 8 July 1991. Plaintiff returned to part-time light-duty work in defendant-employer's warehouse on 16 September 1991.
3. On 21 November 1991 plaintiff reached maximum medical improvement from his compensable injury, which resulted in a ten percent permanent partial disability rating to his back due to diskectomy and foraminotomy which he underwent. Plaintiff was then released to full-time work effective 30 January 1992 with lifting up to 40 pounds (up to 20 pounds frequently), no prolonged or highly repetitive forward bending, no crouching or squatting to the floor, and no sitting in one position for longer than 60 minutes. Plaintiff continued working in defendant-employer's warehouse until 11 May 1995 when he left his employment with defendant-employer.
4. By early 1995 plaintiff began having increased symptoms of pain and Dr. Brigham ordered a post-myelogram and CT scan which revealed gradual narrowing of the spinal canal, a condition known as spinal stenosis. Dr. Brigham had diagnosed plaintiff as having asymptomatic spinal stenosis prior to his first surgery in 1991 and he felt that it had re-occurred at the L3-4 level and to a lesser degree at L4-5. Dr. Brigham recommended lighter work restrictions on 2 May 1995 to include no trunk bending or twisting, no lifting over 20 pounds and no prolonged standing or walking over 20 minutes. Based on plaintiff's report of his job duties, Dr. Brigham recommended that plaintiff find another type of work or be considered disabled.
5. The ten percent permanent partial disability that plaintiff retains is due to the discectomy and foraminotomy he underwent. After decompression of his existing, but previously asymptomatic, stenosis at the L4-L5 level of his lumbosacral spine plaintiff's back was not normal. Because of the permanent back injury sustained from his herniated disc and spinal stenosis requiring surgery, plaintiff was at a high risk of developing rapidly progressing stenosis at that level if he attempted to return to the type of heavy work he was doing when injured. It was for this reason that plaintiff was unable to return to his regular truck driving job for defendant-employer; but rather, alternate lighter work involving lifting up to forty pounds (up to twenty pounds frequently), no prolonged or highly repetitive forward bending, no crouching or squatting to the floor and no sitting in one position for longer than sixty minutes. Although defendant-employer was initially able to provide him with alternate lighter work in the warehouse for approximately four months, plaintiff was thereafter required to perform work in the warehouse outside of the physical limitations of his permanent back injury. When he did, and thus as a direct and natural result thereof, plaintiff materially aggravated his existing back condition resulting in a recurrence of the disabling symptomatic spinal stenosis at the L4-L5 level of his lumbosacral spine injured on July 27, 1990.
6. As a direct and natural result of plaintiff's original 27 July 1990 back injury, plaintiff has been unable to earn wages in the same or in any other employment since 11 May 1995.
******************
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has shown by competent medical evidence that his present condition is a direct and natural result of his compensable work injury of 27 July 1990. He has shown that his compensable work injury has significantly and substantially worsened. N.C. Gen. Stat. § 97-2(6); N.C. Gen. Stat. § 97-47.
2. Plaintiff has shown by competent medical and vocational evidence that he has been rendered permanently and totally disabled by the worsening of his condition that resulted from his work injury of 27 July 1990. N.C. Gen. Stat. § 97-47; N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to total disability benefits since 11 May 1995 at the weekly compensation rate of $354.18 and continuing for his lifetime. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to have defendants provide for all medical treatment arising from the injury by accident arising out of and in the course of employment with defendants to the extent it tends to effect a cure or give relief. N.C. Gen. Stat. §97-25.
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay to plaintiff total disability benefits at the weekly compensation rate of $354.18 from 11 May 1995 and continuing for plaintiff's lifetime. Such compensation as has accrued shall be paid in a lump sum.
2. To the extent the same are reasonably designed to tend to effect a cure or provide needed relief from the disability associated therewith defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of his injury by accident arising out of and in the course of his employment with defendants when bills for the same have been submitted through defendants to the Industrial Commission and approved by the Commission.
3. Defendants shall pay the costs of this matter.
This the 29th day of August 1997.
 S/ __________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ __________________________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
S/ __________________________ LAWRENCE B. SHUPING, JR. DEPUTY COMMISSIONER